IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARRIE LYNN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>WASATCH COUNTY SHERIFF, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-251-HCN-JCB<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

In April 2024, the plaintiff, Carrie Lynn Moore, brought a *pro se* Section 1983 action against nine defendants, asserting claims arising out of her involuntary hospitalization and arrest a year earlier. *See* Dkt. No. 1. In May, the Hospital Defendants (Doug Dillon, Heber Valley Hospital, and Intermountain Health) moved to dismiss Ms. Moore's claims against them under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 34. That motion was referred to Magistrate Judge Bennett under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). *See id.* In July, the County Defendants (Colton Brimhall, Carli Latimer, Jordan Leatham, Jared Rigby, Kennon Tubbs, and the Wasatch County Sheriff) moved for judgment on the pleadings. *See* Dkt. No. 39. After Judge Bennett's recommended that the Hospital Defendants' motion to dismiss be granted, *see* Dkt. No. 41, Ms. Moore sought leave to dismiss this action voluntarily without prejudice under Federal Rule of Civil Procedure 41(a)(2), *see* Dkt. No. 44.[1]

The court ordered the defendants to indicate their positions on Ms. Moore's request for leave to dismiss her claims without prejudice. *See* Dkt. No. 45. The Hospital Defendants opposed

---

[1] In the alternative, Ms. Moore sought leave to respond to "to recent filings of the defendants and the court" despite the deadline for doing so having passed. *Id.*

the request on the grounds that Ms. Moore's claims fail as a matter of law as pleaded and that she has not explained how she can cure the defects in her claims identified by the Hospital Defendants and Judge Bennett. *See* Dkt. No. 46. The County Defendants did not oppose Ms. Moore's request, apparently assuming that their separate motion for judgment on the pleadings would remain "pending before the Court" regardless of its ruling on Ms. Moore's motion. Dkt. No. 47. To be clear, though, Ms. Moore explicitly brings her motion against *all* of the defendants, and she seeks leave voluntarily to "dismiss *this case*"—not just her claims against the Hospital Defendants. Dkt. No. 44 at 1–2 (emphasis added).

The court grants Ms. Moore's motion. "[A]bsent legal prejudice to the defendant, the district court normally should grant" a plaintiff's request for leave to dismiss her claims without prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (cleaned up). Further, the evaluation of legal prejudice requires the court to "consider [the] equities not only facing the defendant, but also those facing the plaintiff." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The equities facing the parties are commonly measured against four yardsticks: (1) the progression of the suit, (2) the plaintiff's diligence, (3) the expense of future relitigation, and (4) the adequacy of the plaintiff's explanation for the dismissal. *See* MOORE'S FEDERAL PRACTICE – CIVIL § 41.40[6] (2024); *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021).

Permitting voluntary dismissal here would impose no meaningful legal prejudice to the defendants. Ms. Moore brought suit just a few months before she sought leave to dismiss, and this action has not yet moved past the pleadings stage or reached discovery. *Cf. Pace v. Southern Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (holding that voluntary dismissal at the summary judgment stage would result in prejudice to the defendant). Indeed, had the County Defendants

(who do not oppose Ms. Moore's motion) filed a motion to dismiss rather than an answer and a motion for judgment on the pleadings, Ms. Moore would be *entitled* to dismiss her claims without leave of the court simply by filing a notice of dismissal. *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Ms. Moore was also diligent in bringing her motion for leave to dismiss: she did so shortly after Judge Bennett's report and recommendation revealed the legal weakness of her case as pleaded. *Compare* Dkt. No. 41 (recommending that the Hospital Defendants' Motion to dismiss be granted on July 30, 2024), *with* Dkt. No. 44 (requesting leave to dismiss on August 21, 2024).

Given the early stage of the proceedings and Ms. Moore's diligence, future relitigation of her claims would result in little redundant or wasted effort—after all, at this point in the litigation, nine defendants have collectively produced only 90 pages of substantive docket filings, including an answer, briefing on a motion to dismiss and a motion for judgment on the pleadings, and responses to Ms. Moore's motion for leave to dismiss her claims voluntarily. Further, the court anticipates that much of the Defendants' work product may remain useful should Ms. Moore refile her claims. *See* MOORE'S FED. PRAC. § 41.40[7][a] n.41.

Finally, Ms. Moore explains that she seeks dismissal so that she can retain counsel and refile her claims with counsel's assistance. *See* Dkt. No. 44 at 1–4. Courts generally permit voluntarily dismissal for purposes such as this unless a plaintiff has not been diligent. *Cf. Saviour v. Ravco Discount Drug Centers, Inc.*, 126 F.R.D. 569, 570–71 (D. Kan. 1989) (denying leave for voluntarily dismissal where plaintiff waited until summary judgment, three years into the case and after a one-year extension to discovery, to move for such dismissal).

To be sure, the Hospital Defendants are likely correct that in recommending that their motion to dismiss be granted, Judge Bennett implicitly contemplated dismissal with prejudice—a ruling under Rule 12(b)(6) is an adjudication on the merits, after all. *See* FED. R. CIV. P. 41(b). Nonetheless, these defendants nowhere address the legal framework governing motions for leave to dismiss voluntarily under Rule 41(a)(2), nor do they identify any meaningful legal prejudice they will suffer if Ms. Moore's motion is granted. *See* Dkt. No. 46. Given that all three pending motions are ripe for disposition, the presumption in favor of granting leave to dismiss actions voluntarily during the early stages of litigation, and the obvious interests of justice in accommodating a *pro se* plaintiff's desire to retain counsel to assist her in pursuing her claims, the court concludes that permitting voluntary dismissal without prejudice is appropriate here.[2]

Docket Number 44, Plaintiff's Motion to Dismiss Without Prejudice, is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[2] In granting leave to dismiss under Rule 41(a)(2), a court may impose "such terms and conditions as [it] deems proper" to "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *American National Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). For the same reasons the court concludes that granting Ms. Moore's motion is appropriate, it concludes that no terms or conditions are warranted here.